## H. A. KOLB v. THE STATE.

### No. 6862.    Decided December 13, 1922.

**1.—Embezzlement—Bills of Exception—Practice on Appeal.**

Where one of the bills of exception was not well taken as the court properly sustained objection to the question asked, and the other bills of exception did not disclose what the answer of the witness would have been, there is no reversible error.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of embezzlement, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of embezzlement; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, and *Jesse M. Brown,* District Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for embezzlement with punishment assessed at four years confinement in the penitentiary.

Bill of exception number three complains of the refusal of the court to permit a witness to answer two questions which are set out in the bill. What the answer of the witness would have been to either question does not appear therefrom, and under these circumstances nothing is brought before the court for review. Branch's Ann. P. C., Sec. 212.

Bill of exception number four is in much the same condition. The complaint at the refusal of the court to permit the witness to answer the first question shown in the bill is not well taken, as the question itself was objectionable and the court properly sustained objection thereto. Then follows several questions which were answered and the bill concludes with one to which the court sustained objection. It fails to show what the answer of the witness would have been, and in this respect is in the same condition as bill of exception number three.

The only other question raised is directed at the sufficiency of the evidence to support the verdict. The third count in the indictment and the only one submitted to the jury charged that appellant was the agent of one Nicholson and that appellant embezzled and converted to his own use three United States Government bonds of the value of one hundred dollars each and one United States Government bond of the value of five hundred, which bonds had come into possession of appellant by virtue of such agency. Mr. Nicholson had the care, control and custody of the bonds in question which appear to have belonged to the National Produce Refinery Company. He delivered them to appellant under promise that he would negotiate for Nicholson a loan for the sum of seven hundred dollars, and with authority to appellant to hypothicate the bonds as collateral. The statement of facts shows that appellant appropriated the bonds to his own use and put them up as collateral to secure money for his own personal ends. Further than this we do not deem it necessary to set out the evidence. It unquestionably supports the verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*